MELINDA LOUISE CHEE, Plaintiff-Appellant,
v.
KEV1N SUN WAI CHEE, Defendant-Appellee
No. 29280.
Intermediate Court of Appeals of Hawaii.
July 29, 2009.
On the briefs:
Melinda L. Chee, Plaintiff-Appellant Pro Se.
Kevin S.W. Chee, Defendant-Appellee Pro Se.
Sara Harvey, Appellee Pro Se.
Keith K. Hiraoka, April Luria, (Roeca, Louie & Hiraoka), for Appellee Kim Towler.

SUMMARY DISPOSITION ORDER
FOLEY, Presiding Judge, NAKAMURA, and FUJISE, JJ.
This case involves a long-running dispute between Plaintiff-Appellant Melinda Louise Chee (Mother) and Defendant-Appellee Kevin Sun Wai Chee (Father) over the custody of their children. Mother appeals pro se from the "Order Denying Plaintiff's Motion Requesting a Ruling on Plaintiff's Motion and Affidavit for Post-Decree Relief, Filed on 5/15/03, Filed 2/11/08" (Order), which was filed by the Family Court of the First Circuit (family court)on July 16, 2008.[1] In the Order, the family court denied Mother's May 15, 2003, Motion and Affidavit for Post-Decree Relief (May 2003 Post-Decree Motion).
On appeal. Mother argues that the family court erred in: 1) denying her request for a review of the performance and efficacy of Custody Guardian Ad Litem (CGAL) Kimberly Towler (Towler); and 2) failing to award Mother sanctions against Towler and Father's counsel, Sara Harvey (Harvey), "arising out of the improper use of ex parte procedures in this case [.] " For the reasons discussed below, we affirm.

I.
A detailed factual background regarding this case is set forth in our Memorandum Opinion in Chee v. Chee, No. 28843, 2009 WL 1763263 (App. June 19, 2009) (hereinafter, "Chee I). We only summarize the aspects of the case relevant to the issues raised in this appeal.
In September 1999, the family court entered a stipulated order which provided that the parties' four children would reside in Hawai'i with Father and that Mother, who was residing on the mainland, would enjoy liberal time-sharing of the children. Prior to the stipulated order, the children had resided on the mainland with Mother.
After experiencing difficulties in securing the return of H.C., the parties' youngest child, from a mainland visit with Mother, Father filed two ex parte motions in November 2000. In the ex parte motions, Father requested temporary sole legal and physical custody of H.C. and the other children and orders restraining Mother from contacting the children. The ex parte motions were signed by Harvey, who was Father's counsel at that time, and were supported in part by information provided by CGAL Towler. The family court issued orders granting the ex parte motions (the "November 2000 Ex Parte Orders") shortly after the motions were filed. Based on the November 2000 Ex Parte Orders, Mother was barred from contacting her children.
On May 15, 2003, Mother, through counsel, filed the May 2003 Post-Decree Motion that is at issue in this appeal. Among other relief, Mother sought: 1) "an order dissolving and/or voiding, ab initio," the November 2000 Ex Parte Orders, which prohibited her from having any contact with her children; 2) a review of the performance of CGAL Towler and an order removing Towler as the CGAL; and 3) an order awarding Mother sanctions against Father, Father's counsel (Harvey), and CGAL Towler "arising out of the improper use of the ex parte procedures" by which Father obtained custody of the children and a restraining order prohibiting Mother from contacting the children.
Trial on Mother's May 2003 Post-Decree Motion was scheduled for December 15, 2003, but the trial date was set aside to permit the parties 1) to work on amending the existing temporary restraining orders to enable Mother to communicate with the children and 2) to discuss the selection of a third-party custody evaluator. By written order issued in June 2005, the family court dissolved the temporary restraining orders in the November 2000 Ex Parte Orders with respect to the parties' three eldest children. In August 2005, the family court apparently orally ruled that the remaining portions of the temporary restraining orders in the November 2000 Ex Parte Orders that pertained to H.C. were dissolved. However, no contemporaneous written order reflecting this dissolution of the restraining orders that prohibited Mother from contacting H.C. was filed by the family court.
On January 16, 2007, Mother, now pro se, filed a Motion and Affidavit for Post-Decree Relief (January 2007 Post-Decree Motion) that was at issue in Chee I. By the time the January 2007 Post-Decree Motion was filed, all the children except for H.C. were adults. Among other relief. Mother sought an order granting her temporary sole legal and physical custody of H.C. In a series of written orders, the family court 1) denied Mother's request for temporary sole legal and physical custody of H.C. and awarded sole custody to Father; 2) reaffirmed the dissolution of the restraining orders in the November 2000 Ex Parte Orders which prohibited Mother from contacting H.C.; 3) authorized Mother to contact H.C. in person or by other means of communication; and 4) established a detailed schedule for visitation by Mother with H.C. The family court also refused Mother's request to discharge Towler as CGAL, but ordered that Towler would do no work or contact any of the parties unless the court determined that additional services by Towler as CGAL were necessary.
On February 11, 2008, Mother filed a motion requesting a ruling on the May 2003 Post-Decree Motion. On July 16, 2008, the family court issued the Order at issue in this appeal. The family court denied Mother's requests for a review of the performance and efficacy of CGAL Towler and the removal of Towler as CGAL, concluding that "this issue" had previously been ruled upon by the family court. The family court also denied Mother's request for sanctions against Father, Father's counsel (Harvey), and CGAL Towler "arising out of the alleged improper use of the ex parte procedures in this case."

II.
Mother's pro se opening brief does not comply with Hawai'i Rules of Appellate Procedure Rule 28. Nevertheless, in light of Mother's pro se status, we will endeavor to address the merits of the issues Mother raises on appeal. We resolve the issues raised by Mother on appeal as follows:
1. For the reasons set forth in Chee I, we reject Mother's claim that the family court erred in denying her request for a review the performance and efficacy of CGAL Towler.
2. The family court did not err in denying Mother's request for sanctions against CGAL Towler and Harvey arising out of the improper use of ex parte procedures in this case. In Chee I, we relied upon our recent decision in Doe v. Doe, 120 Hawai'i 149, 202 P.3d 610 (App. 2009), in concluding that the family court violated Mother's due process rights by "effecting a change in custody and prohibiting Mother from contacting her children through the November 2000 Ex Parte Orders without ruling on the validity of the allegations on which these ex parte orders were based or the continued necessity for the orders." Chee I at 17, 2009 WL 1763263, at *11. However, the Doe decision was issued in 2009, long after the family court had issued the November 2000 Ex Parte Orders. And at the time the November 2000 Ex Parte Orders were issued, there was no Hawai'i case providing direct guidance on the due process requirements regarding these types of ex parte orders, and the family court's use of such ex parte orders was apparently not uncommon.
Moreover, as noted in Chee I. Mother shoulders some of the responsibility for the family court's failure to rule on the substantive merits of the November 2000 Ex Parte Orders. Mother's counsel did not, in a timely manner, challenge the November 2000 Ex Parte Orders or demand a ruling on the substantive merits of the Ex Parte Orders.
In any event, it was the family court, rather than CGAL Towler or Harvey, that was largely responsible for the violation of Mother's due process rights with respect to the November 2000 Ex Parte Orders. Under the circumstances of this case, we conclude that the family court did not err in denying Mother's request for sanctions against CGAL Towler and Harvey.
Mother does not cite any valid statutory authority for the family court to impose on a CGAL the kind of sanctions Mother seeks against CGAL Towler. This is an additional reason to uphold the family court's denial of Mother's request for sanctions against CGAL Towler.

Ill.
We affirm the family court's July 16, 2008, Order with respect to the claims Mother raises in this appeal.
NOTES
[1] The Honorable Karen M. Radius issued the July 16, 2008, Order at issue in this appeal.